UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **SAMUEL L. WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-13281** |
| **DARREL VANNOY, WARDEN** | **SECTION "R"(2)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary. See 28 U.S.C. § 2254(e)(2).[1] For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

I.   FACTUAL BACKGROUND

The petitioner, Samuel L. Williams, is a convicted inmate currently incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2] On December 4, 2003,

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

[2]Rec. Doc. No. 3.

Williams was indicted by an Orleans Parish grand jury for the aggravated rape of T.W.[3] The Louisiana Fourth Circuit Court of Appeal summarized the facts established at trial in relevant part:

> T.W.2, the victim's mother, testified that she had two children, including the victim, T.W. T.W.2 identified T.W.'s birth certificate, listing her date of birth as June 23, 1988. T.W.2 confirmed that T.W. was eleven years old in October 1999 through May 2000. The defendant dated T.W.2's mother, after T.W.2's mother, P.K. got divorced from her father. The defendant and P.K. had two children, S.K. and L.K. T.W.2 testified that the defendant was something like a grandfather to the victim, T.W. After T.W.2's mother, P.K., died, she helped the defendant so he could remain in the Desire Housing Project apartment where he had lived with P.K. and the couple's two children, S.K. and L.K. She and T.W. lived ten minutes from the defendant and his children. T.W.2 testified that on the weekends T.W. would sometimes go to the defendant's residence to play with S.K. and L.K. T.W.2 testified that after October 1999, T.W. stopped wanting to go to the defendant's residence. In May 2000, a blood and/or a urine test revealed that T.W. was pregnant. T.W.2 testified that after learning of T.W.'s pregnancy she thought of a lot of things, including how T.W. had stopped going to the defendant's residence. She also had observed that when the defendant would come to her residence he would chide T.W., "Oh [T.W.], you're not speaking?" Or he would say to T.W., "You acting funny?" T.W.2 testified that in fact T.W. would be acting funny, and that she would make T.W. come out of her room and speak to the defendant.
>   T.W.2 also recalled a period when the defendant would telephone her in the mornings, around seven or eight o'clock. T.W.2 said she would go to work at noon during this period. She also learned that the defendant would come to her residence when she was not present. T.W.2 said the defendant would say that he came to her residence to borrow things, like videotapes, towels, or money. She told the defendant that T.W. was not supposed to let anyone inside. T.W.2 questioned T.W. at the emergency room about her pregnancy, and T.W. finally admitted that the defendant was responsible. T.W.2 took T.W. to Children's Hospital. T.W.2 made the decision to have T.W., who was eleven years old, undergo an abortion.
>                                              [. . .]

---

[3]St. Rec. Vol. 1 of 15, Indictment, 12/4/03. Pursuant to La. Rev. Stat. § 46:1844(W), family and a minor victims of sex crimes are referred to by their initials. This court will do the same.

2

> T.W., the victim, was twenty-three years old at the time of trial. Her date of birth was June 23, 1988. T.W. testified that in October 1999, she went to the defendant's residence to play with S.K. and L.K. At some point she went inside to get some water, and the defendant called to her from L.K.'s room. She went inside the room, and the defendant closed the door. He laid her on the bed, placed her hands above her head, and he raped her. He put his penis in her vagina. It was painful. Afterward, the defendant told her not to tell anyone, or she would get into trouble. She said it happened several more times.
>
> T.W. remembered the last time the defendant assaulted her was when the defendant came to her residence. He first arrived with S.K. and L.K. They stayed for a couple of minutes before he left with them. He returned alone. She let him back inside because he knew she was there. She went to the backroom because she already knew what he wanted. He again laid her on the bed and he molested her. T.W. had never had sex with anyone before the defendant. She had never done anything with boys before. She had never kissed a boy. She said the defendant wore a condom a couple of times, but generally did not. She did not tell anyone when it was happening because she believed she would get into trouble if she did. In May 2000 she broke out in hives, and her mother took her to a hospital emergency room, where she learned that she was pregnant. When her mother asked her who had done it to her, at first she said nothing, because she was afraid she was going to get into trouble. She finally answered truthfully, naming the defendant.

State v. Williams, 115 So.3d 600, 603-09 (La. App. 4th Cir. 2012); State Record Volume 10 of 15, Louisiana Fourth Circuit Court of Appeal Opinion, 2012-KA-0252, pages 3-15, April 17, 2013.

Williams was tried before a jury on October 14, 16, and 17, 2008, and a mistrial was declared after the jury was unable to reach a verdict.[4] He was retried before a jury on August 8 through 11, 2011, and found guilty as charged.[5] On August 31, 2011, the

---

[4]St. Rec. Vol. 1 of 15, Trial Minutes, 10/14/08; Trial Minutes, 10/16/08; Trial Minutes, 10/17/08. Williams first was indicted in 2000 under another case number. The case was nolle prosequied on December 11, 2003. Williams, 115 So.3d at 601 n.1; St. Rec. Vol. 10 of 15, 4th Cir. Opinion, 2012-KA-0252, p. 1 n.1, 4/17/13.

[5]St. Rec. Vol. 1 of 15, Trial Minutes, 8/8/11; Trial Minutes, 8/9/11; Trial Minutes, 8/10/11; Trial Minutes, 8/11/11; St. Rec. Vol. 10 of 15, Trial Transcript, 8/8-11/11; St. Rec. Vol. 3 of 15, Jury Verdict, 8/11/11.

state trial court denied Williams's motion for new trial, and after waiver of legal delays, sentenced him to serve life in prison without benefit of parole or suspension of sentence.[6]

On direct appeal to the Louisiana Fourth Circuit, appointed counsel asserted the following errors:[7] (1) The state trial court erred when it allowed the State to corroborate T.W.'s testimony with a hearsay statement. (2) The state trial court erred when it allowed expert testimony without an issue that required an expert's clarification or explanation. (3) The state trial court erred by denying a mistrial when the State's witness referred to other crimes and bad acts by Williams. (4) It was error to conduct a jury trial when Williams made a timely and irrevocable waiver.

On April 17, 2013, the Louisiana Fourth Circuit affirmed the conviction, holding that the second claim was not preserved for appellate review and finding no merit in the remaining claims.[8] On November 22, 2013, the Louisiana Supreme Court denied Williams's related writ application without stated reasons.[9] His conviction became final ninety (90) days later on February 20, 2014, when he did not file a writ application with the United States Supreme Court. Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999)

---

[6]St. Rec. Vol. 1 of 15, Sentencing Minutes, 8/31/11; St. Rec. Vol. 10 of 15, Sentencing Transcript, 8/31/11; St. Rec. Vol. 3 of 15, Motion for New Trial, 8/24/11.

[7]St. Rec. Vol. 10 of 15, Appeal Brief, 2012-KA-0252, 3/23/12.

[8]Williams, 115 So.3d at 600; St. Rec. Vol. 10 of 15, 4th Cir. Opinion, 2012-KA-0252, 4/17/13.

[9]State v. Williams, 126 So.3d 477 (La. 2013); St. Rec. Vol. 15 of 15, La. S. Ct. Order, 2013-KO-1141, 11/22/13; La. S. Ct. Writ Application, 13-KO-1141, 5/21/13 (dated 5/15/13).

(period for filling for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

More than one year later, on March 9, 2015, counsel in open court filed Williams's application for post-conviction relief in which he asserted that Williams received ineffective assistance of trial counsel on seven grounds:[10] (1) Counsel failed to object to the hearsay testimony of the Gina Pineda regarding the DNA test results. (2) Counsel failed to hire an expert or request retesting of the DNA evidence. (3) Counsel failed to move for or obtain an independent DNA expert or move to quash the indictment when evidence was declared lost at the first trial. (4) A conflict of interest existed. (5) Counsel failed to challenge the other crimes evidence admitted at trial. (6) Counsel failed to prepare and present a defense. (7) Counsel's ineffectiveness had a cumulative effect.

On January 13, 2016, after a mandamus order from the Louisiana Fourth Circuit, the state trial court denied relief as to all but one of Williams's claims, and ordered additional briefing on the issue of counsel's failure to object to Pineda's testimony.[11] On

---

[10]St. Rec. Vol. 1 of 15, Docket Entry, 3/9/15; St. Rec. Vol. 2 of 15, Application for Post-Conviction Relief, dated 1/18/15; St. Rec. Vol. 3 of 15, Trial Court Ruling, 1/13/16 (filing date).

[11]St. Rec. Vol. 3 of 15, Trial Court Ruling, 1/13/16; St. Rec. Vol. 12 of 15, 4th Cir. Order, 2015-K-1225, 11/19/15; St. Rec. Vol. 2 of 15, 4th Cir. Writ Application, 2015-K-1225, 11/10/15 (dated 9/30/15).

5

July 19, 2016, the court denied relief finding no merit in the claim under Strickland v. Washington, 466 U.S. 668 (1984), and Williams v. Illinois, 567 U.S. 50 (2012).[12]

On March 21, 2016, and November 9, 2016, the Louisiana Fourth Circuit denied Williams's two writ applications seeking review of the state trial court's separate orders.[13]  On October 9, 2017, the Louisiana Supreme Court denied Williams's two related writ applications, holding he was not entitled to relief under Strickland.[14]

## III.   FEDERAL HABEAS PETITION

On December 28, 2017, after correction of certain deficiencies, the clerk of this court filed Williams's federal habeas corpus petition in which he asserts that he was denied effective assistance of counsel on the following grounds:[15] (1) Counsel failed to object to the hearsay testimony of the Gina Pineda regarding the DNA test results when she did not conduct the tests. (2) Counsel failed to hire an expert or request retesting of the DNA evidence. (3) Counsel failed to move for and obtain an independent DNA

---

[12]St. Rec. Vol. 12 of 15, Trial Court Ruling, 7/19/16; St. Rec. Vol. 3 of 15, State's Response, 3/14/16; Traverse, 4/4/16.  Williams holds that an expert's opinion testimony referring to a DNA profile did not violate the Confrontation Clause.  Williams, 567 U.S. at 57.

[13]St. Rec. Vol. 12 of 15, 4th Cir. Order, 2016-K-0848, 11/9/16; 4th Cir. Order, 2016-K-0216, 3/21/16; 4th Cir. Writ Application, 2016-K-0848, dated 8/17/16; 4th Cir. Writ Application, 2016-K-0216, dated 2/12/16.

[14]State ex rel. Williams v. State, 227 So.3d 801 (La. 2017); State ex rel. Williams v. State, 227 So.3d 280 (La. 2017); St. Rec. Vol. 15 of 15, La. S. Ct. Order, 2016-KH-2206, 10/9/17; La. S. Ct. Order, 2016-KH-0806, 10/9/17; La. S. Ct. Writ Application, 16-KH-2206, 12/13/16 (dated 12/5/16); La. S. Ct. Writ Application, 16-KH-806, 5/3/16 (dated 4/18/16).

[15]Rec. Doc. No. 3.

expert or file a motion to quash the indictment when evidence was declared lost during the first trial. (4) Counsel failed to challenge the other crimes evidence admitted at trial. (5) Counsel failed to prepare and present a defense. Williams also asserts that the state trial court erred when it failed to grant a post-conviction evidentiary hearing on the ineffective assistance of counsel claims.

The State filed a response in opposition to Williams's federal petition asserting that the petition is time-barred.[16] Williams filed a reply to the State's response, asserting that his petition should be deemed timely filed because of a delay in his receipt of the Louisiana Supreme Court's disposition of one of his post-conviction writ applications.[17]

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[18] and applies to habeas petitions filed after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). The AEDPA therefore applies to Williams's petition, which, for reasons discussed below, is deemed filed on

---

[16]Rec. Doc. No. 12.

[17]Rec. Doc. No. 13.

[18]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

November 20, 2017.[19]  The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts and the record establishes that Williams's federal petition was not timely filed.  For the reasons that follow, his petition should be dismissed with prejudice as time-barred.

## IV.    STATUTE OF LIMITATIONS

The AEDPA requires that a Section 2254 petition must ordinarily be filed within one year of the date the conviction became final.[20]  Duncan v. Walker, 533 U.S. 167,

---

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The clerk of court filed Williams's deficient petition on November 20, 2017, and opened the case on December 28, 2017, when the filing fee was paid.  The official stamp of the prison legal programs department reflects that Williams presented the petition to prison officials on November 20, 2017, for electronic mailing to federal court. Rec. Doc. No. 3-2, p. 190; Rec. Doc. No. 1-2, p. 190.  Payment of the filing fee does not alter the application of the federal mailbox rule.  Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

[20]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:
>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>   A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

8

179-80 (2001). Williams's conviction became final on February 20, 2014, which was 90 days after the Louisiana Supreme Court denied his writ application following direct appeal. Applying Section 2244 literally, Williams had one year from finality of his conviction, until February 20, 2015, to file his federal habeas corpus petition, which he did not do. His petition must be dismissed as untimely, unless the one-year statute of limitations was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that AEDPA's one-year statute of limitations period in Section 2244(d)(1) may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only

---

B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Williams has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled in his case. The fact that he did not immediately obtain a copy of one of the Louisiana Supreme Court's post-conviction rulings is irrelevant in this case, because Williams allowed the AEDPA one-year filing period to lapse long before that event. The record does not establish circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent to warrant equitable tolling in this case. See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was

10

deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. Flanagan, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. Duncan, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that, because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review").  A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

In this case, the one-year AEDPA statute of limitations began to run on February 21, 2014, the day after Williams's conviction was final under federal law.  The period continued to run uninterrupted for one year, until February 20, 2015, when it expired. Williams had no properly filed application for state post-conviction relief or other

13

collateral review during that time period that might have tolled the AEDPA one-year statute of limitations.

Williams's state court application for post-conviction relief or other collateral review was filed in open court by counsel on March 9, 2015. This was more than two weeks <u>after</u> the AEDPA filing period expired on February 20, 2015. Williams is not entitled to tolling for a state court filing made <u>after</u> expiration of the AEDPA limitations period. See <u>Scott v. Johnson</u>, 227 F.3d 260, 263 (5th Cir. 2000) (state application for habeas corpus relief filed after limitations period expired does not toll the limitations period); <u>Higginbotham v. King</u>, 592 F. App'x 313, 314 (5th Cir. 2015) (citing <u>Scott</u>, 227 F.3d at 263); <u>see also</u>, <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264 (5th Cir. 2002) (missing the AEDPA deadline by even one day renders a federal petition untimely).

Furthermore, a pleading filed by counsel in open court did not invoke the prisoner mailbox rule to provide a different filing or interruption date.[21] <u>Cousin</u>, 310 F.3d at 846 & n.2 (declining "to extend th[e] rule to prisoner litigants who are represented by counsel"); <u>Dison v. Whitley</u>, 20 F.3d 185, 187 (5th Cir.1994) (filing by prisoner's unknown agent did not trigger mailbox rule).

---

[21]The docket entry marking the open-court filing alleviates the need for the signature date presumption in footnote 16 of the State's response. The January 18, 2015, prison mail request is not proof that Williams interrupted the one-year filing period. The request does not reflect what was mailed or to whom it was sent. The pleading indicates that a copy was mailed that day <u>to the district attorney's office</u> (not the state trial court), which accounts for the mail request.

14

Under the mailbox rule, Williams's federal petition is deemed filed on November 20, 2017, which was two years and nine months <u>after</u> the AEDPA one-year statute of limitations expired on February 15, 2015. His federal petition was <u>not</u> timely filed and must be dismissed with prejudice for that reason.[22]

## **RECOMMENDATION**

For the foregoing reasons, it is **RECOMMENDED** that Samuel L. Williams's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of

---

[22]Williams has asserted no excuse to avoid the expiration of the limitations period, and the actual innocence exception is irrelevant. Williams has not asserted his actual innocence or brought any new, reliable evidence to meet the high burden set forth in <u>McQuiggin v. Perkins</u>, 569 U.S. 383 (2013). Furthermore, the holding in <u>Martinez v. Ryan</u>, 566 U.S. 1 (2012), also is not relevant to this timeliness discussion. In <u>Martinez</u>, the Supreme Court held that a <u>procedural bar</u> imposed by <u>state courts</u> "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" <u>Trevino v. Thaler</u>, 569 U.S. 413, 429 (2013) (quoting <u>Martinez</u>, 566 U.S. at 13). Dismissal in this case is not based on a state procedural bar but on Williams's failure to timely file his federal habeas petition. The decisions in <u>Martinez</u> and <u>Trevino</u> do <u>not</u> address or excuse the untimely filing of a federal habeas petition. See <u>Arthur v. Thomas</u>, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the <u>Martinez</u> rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); <u>Smith v. Rogers</u>, No. 14-0482, 2014 WL 2972884, at *1 (W.D. La. Jul. 2, 2014); <u>Falls v. Cain</u>, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun. 13, 2014) (Order adopting Report and Recommendation). <u>Martinez</u> and <u>Trevino</u> also are <u>not</u> new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA. See <u>In re Paredes</u>, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) (". . . the Supreme Court has not made either <u>Martinez</u> or <u>Trevino</u> retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); <u>Adams v. Thaler</u>, 679 F.3d 312, 322 n.6 (5th Cir. 2012). Neither <u>Martinez</u> nor <u>Trevino</u> provide equitable or statutory relief from Williams's untimely filing.

plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[23]

        New Orleans, Louisiana, this \_\_\_10th\_\_\_ day of August, 2018.

                            JOSEPH C. WILKINSON, JR.
                            UNITED STATES MAGISTRATE JUDGE

---

[23] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.