UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SAMUEL L. WILLIAMS                                              CIVIL ACTION

VERSUS                                                                   NO. 17-13281

DARREL VANNOY, WARDEN                                  SECTION "R" (2)

# ORDER

Before the Court is Samuel L. Williams's petition for federal habeas corpus relief under 28 U.S.C. § 2254.[1] The Court has reviewed *de novo* the petition,[2] the record, the applicable law, the Magistrate Judge's Report and Recommendation (the Report),[3] and Williams's objections,[4] and hereby approves the Report and adopts it as its opinion.

As the Magistrate Judge concludes, Williams's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for state prisoners seeking federal habeas corpus relief. 28 U.S.C. § 2244(d)(1). That one-year period runs from the latest of four triggering events, including, as relevant here, "the date on which the judgment of conviction becomes final." *Id.* § 2244(d)(1)(A). But the period is interrupted during the time in which "a properly filed

---

[1] R. Doc. 3.
[2] *Id.*; R. Doc. 3-1.
[3] R. Doc. 14.
[4] R. Doc. 15.

application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). Williams, respondent, and the Magistrate Judge all correctly concluded that this one-year period began on February 20, 2014, which was 90 days after the Louisiana Supreme Court denied petitioner's direct appeal.[5] Williams's one-year period would thus expire on February 20, 2015, unless Williams filed an application for post-conviction relief in state court to interrupt the period. Williams, respondent, and the Magistrate Judge also all correctly concluded that Williams filed his federal habeas petition on November 20, 2017.[6] The Magistrate Judge correctly found that Williams did not file an application for post-conviction relief in state court until March 9, 2015.[7] Because the AEDPA statute of limitations period ran uninterruptedly from February 20, 2014 to February 20, 2015, the period expired before Williams ever filed his state court application, and well before he filed his federal habeas petition in November 2017.

Williams argues that the Magistrate Judge's finding was erroneous because he delivered his post-conviction application to prison authorities for

---

[5] R. Doc. 12 at 5; R. Doc. 13 at 3; R. Doc. 14 at 9.
[6] R. Doc. 12 at 3; R. Doc. 13 at 4; R. Doc. 14 at 7-8 n.19.
[7] R. Doc. 14 at 14.

delivery to the state court before February 20, 2015.[8] Indeed, the mailbox rule applies to Williams's filing, which means his application is deemed filed "as of the moment [his] document is delivered to prison officials for mailing to the district court clerk." *Medley v. Thaler*, 660 F.3d 833, 840 (5th Cir. 2011) (internal quotation marks omitted). The date on which a prisoner delivered a filing to prison officials is typically determined by viewing the prison mail logs. *See Causey v. Cain*, 450 F.3d 601, 604 (5th Cir. 2006) ("'Because reference to prison mail logs will generally be a straightforward inquiry, making filing turn on the date the *pro se* prisoner delivers the notice to prison authorities for mailing is a bright-line rule, not an uncertain one.'" (quoting *Houston v. Lack*, 487 U.S. 266, 273 (1988))).

Williams's evidence that he delivered his application to prison officials before the one-year period expired is a prison request form for funds to mail a legal document, dated January 18, 2015.[9] The Fifth Circuit has previously found that a similar request form was insufficient to show the date on which a prisoner delivered a filing to prison officials. *See O'Neal v. Cain*, 615 F. App'x 233, 234 (5th Cir. 2015). In *O'Neal*, the Fifth Circuit affirmed a district court's finding that the date on a "prison mail room receipt" was the date on

---

[8] R. Doc. 15 at 2.
[9] *Id.*; St. Rec. Vol. 2 of 15, Dep't of Public Safety & Corr. Offender Funds Withdrawal Request, dated Jan. 18, 2015.

which the prisoner delivered his filing to prison staff. *Id.* The Fifth Circuit noted that the date on his state court petition did "not serve as proof of when it was filed," and that the prisoner's "request for funds to enable mailing of the petition . . . [did] not conclusively establish that filing in fact occurred on that day." *Id.* Here, there is no similar "prison mail room receipt" of Williams's application for post-conviction relief. Williams presents no evidence that he ever delivered his state post-conviction application to the prison mail staff. Unlike his federal habeas petition, there is no stamp on his state court application reflecting the date he delivered it to prison officials.[10]

Instead, the only evidence in the record reflecting the date he filed this application is a docket entry in the Orleans Parish Criminal District Court, which states that on March 9, 2015, "defense counsel Tina Peng appeared without" Williams and filed in open court Williams's application for relief.[11] Indeed, the criminal district court stated in its ruling on Williams's

---

[10] *Compare* R. Doc. 3-2 at 190, *with* St. Rec. Vol. 2 of 15, Uniform Application for Post-Conviction Relief, dated Jan. 18, 2015.

[11] St. Rec. Vol 1 of 15, Dkt. Entry, dated Mar. 9, 2015. Williams's statement in his objection that he was never represented by counsel in any post-conviction proceeding, R. Doc. 15 at 2, is belied by the state-court record, which explicitly states that an attorney appeared on his behalf to file his application on March 9, 2015. Williams offers no evidence to rebut this docket entry; nor is there any compelling contradictory evidence that he ever filed his application by mail.

4

application that the application was filed on March 9, 2015.¹² Because the evidence in the record indicates that Williams's state application for post-conviction relief was not filed until March 9, 2015, the Magistrate Judge correctly determined that Williams's federal habeas petition is untimely.

But even if Williams had—pursuant to the mailbox rule—filed his state application for post-conviction relief on January 18, 2015, his federal habeas petition would still be untimely. Under this scenario, William's one-year period started the day after February 20, 2014 and was interrupted on January 18, 2015—thus running for a total of 330 days. The period resumed on October 9, 2017, the date the Louisiana Supreme Court denied Williams's two related writ applications. *See State ex rel. Williams v. State*, 227 So. 3d 801 (La. 2017). Williams then had 35 days left in his one-year statute of limitations period—or until November 13, 2017—to file his federal habeas petition. He did not file his petition until November 20, 2017. Williams argues that because of a delay in the Louisiana Supreme Court's clerk's office, he did not receive notice of the Supreme Court's decision until November 2, 2017.¹³ Williams asserts that the statute of limitations should be equitably

---

¹² St. Rec. Vol 3 of 15, Trial Court Ruling, dated Jan. 13, 2016.
¹³ R. Doc. 3-1 at 11; *see also* R. Doc. 3-2 at 4 (letter from Clerk of Court acknowledging a delay in sending notices of decisions). Williams states in his objection that he actually did not receive the decision until November 6,

tolled from October 9, 2017 until the date he actually received notice of the decision denying his writs, which would render his federal habeas petition timely. *See Critchley v. Thaler*, 586 F.3d 318, 321 n.3 (5th Cir. 2009) ("[W]hen the state fails to provide notice of its ruling on a state habeas petition to the affected petitioner[,] . . . equitable tolling rules govern that situation.").

"To be entitled to equitable tolling, a petitioner has the burden of showing (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Clarke v. Rader*, 721 F.3d 339, 344 (5th Cir. 2013) (internal quotation marks omitted). The petitioner must show that he was diligently pursuing his rights both before and after the state's delay. *See Stroman v. Thaler*, 603 F.3d 299, 302-03 (5th Cir. 2010) (no equitable tolling for state's delay in sending notice that his state habeas petition had been denied, when petitioner had waited nearly seven months after his conviction became final to file that petition); *Hudson v. Quarterman*, 332 F. App'x 209, 210 (5th Cir. 2009) (petitioner not entitled to equitable tolling for state's two-week delay when he initially waited eleven and a half months to file his state habeas petition). Here,

---

2017. R. Doc. 15 at 3. This amended date does not change the Court's analysis.

assuming Williams mailed his application for post-conviction relief on January 18, 2015, he still allowed nearly eleven months of his one-year period to expire before this filing. Williams is not entitled to equitable tolling for the state's delay in notifying him of the writ denials when Williams did not exercise diligence in filing his application for post-conviction relief in the first instance. *Id.* Williams's habeas petition is therefore untimely.

Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rules Governing Section 2254 Proceedings, Rule 11(a). A court may issue a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Rules Governing Section 2254 Proceedings, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard). The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

Williams has failed to meet this standard. Accordingly, IT IS ORDERED that his petition for habeas corpus is DISMISSED WITH PREJUDICE. The court will not issue a certificate of appealability.

New Orleans, Louisiana, this \_\_\_13th\_\_\_ day of June, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE